# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-2413
LT Case No. 2021-DR-000225

_____

DIANA MARTINEZ,

    Appellant,

    v.

MARC MARTINEZ,

    Appellee.

_____

On appeal from the Circuit Court for Seminole County. Christopher M. Sprysenski, Judge.

Rachael Fuller, of The Family Law Firm, Altamonte Springs, for Appellant.

Paul D. Shafranski, of Artemis Family Law Group, PLLC, Orlando, for Appellee.

July 12, 2024

WALLIS, J.

Diana Martinez ("Appellant") appeals a final judgment dissolving her marriage to Marc Martinez ("Appellee"). We affirm the trial court's denial of Appellant's request to relocate to Maine with the parties' minor children and its determination of equal timesharing as we find no abuse of discretion in the trial court's consideration of the statutory factors on those issues and

competent, substantial evidence supporting the court's findings. We also affirm the trial court's valuation of the parties' marital interest in a Maine lake cottage, based on competent, substantial evidence of valuation presented by Appellee without objection.

Based on Appellee's concessions of error, we reverse the trial court's calculations of alimony, child support, and attorney's fees due to Appellee providing inaccurate information regarding his monthly gross income of $4,893. On remand, the trial court is instructed to determine the correct amount of Appellee's monthly income, based on his paystubs in evidence, and then reconsider the alimony and child support awards using the correct amount of Appellee's monthly income. *See* § 61.08(2), Fla. Stat. (2022). Because Appellee failed to prove the reasonableness of attorney's fees incurred, he is not permitted to argue for fees on remand. *See Schreiber v. Schreiber*, 331 So. 3d 874, 878 (Fla. 5th DCA 2021) ("This Court has consistently held that a party must have presented some competent evidence of fees at the fee hearing in order to justify remand for another opportunity to prove fees after reversal.").

We also note Appellee's concessions that the trial court did not use the stipulated values of Appellant's Fidelity and Prudential 401(k) accounts which deducted her nonmarital portions of $18,000 and $5,481, respectively, for purposes of distribution. Furthermore, the trial court failed to credit Appellant 50% of the money she spent on the mortgage and HOA fees for the marital home since separation for a total of $8,850.32. Finally, Appellant claims she is entitled to additional credits of $5,600 for a post-separation bathroom repair and $1,300.50 for children's medical expenses. Appellee agreed to these amounts in the trial court and fails to address them on appeal. We therefore reverse the equitable distribution and remand for recalculation taking into account Appellant's premarital amounts of $18,000 and $5,481 in the 401(k) accounts and a total of $15,750.82 representing Appellee's share of expenses owed since the parties' separation.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

BOATWRIGHT and MACIVER, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____